UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE SHELTON | ) |
| Plaintiff | ) Case Number: CV 12 - 6023 DEARIE, J. |
| vs. | ) |
| DYNAMIC RECOVERY SERVICES, INC. | ) CIVIL COMPLAINT AZRACK, M.J. |
| Defendant | ) JURY TRIAL DEMANDED |

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 0 5 2012 ★
BROOKLYN OFFICE

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Catherine Shelton, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, PC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Catherine Shelton, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of New York General Business Law §349 and New York General Business Law §601.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Catherine Shelton, (hereafter, Plaintiff) is an adult natural person residing in Lake Grove, New York. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Dynamic Recovery Services, Inc., (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting consumer debt within the State of New York and the State of Texas with a primary address located at 2775 Villa Creek, Suite 290, Farmers Branch, TX 75234.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Plaintiff has been involved in a tumultuous divorce for several years.

8. In or around 2007, Plaintiff and her estranged husband purchased a vehicle together that Plaintiff's husband kept possession of after their separation.

9. While in possession of said vehicle, Plaintiff's husband relocated to Florida, where the vehicle was subsequently repossessed for non-payment.

10. Plaintiff and her estranged husband are said to be responsible for the shortfall amount of $8,000.00.

11. On or about September 25, 2012, Plaintiff received a call to her personal cell phone from Defendant's agent, "Mr. McCathy", who laughingly informed her that she was now solely responsible for this said consumer debt.

12. As can be expected, Plaintiff became increasingly upset and asked Defendant's agent, if he had contacted her estranged husband, as he was the last one to be in possession of the vehicle.

13. Defendant's agent "Mr. McCathy", continued to degrade and belittle the Plaintiff telling her that her "husband" said that she would react in this manner.

14. At that time, Defendant's agent, "Mr. McCathy", admitted that Plaintiff's estranged husband asked him to call the Plaintiff directly because she would be paying the consumer debt not him.

15. Defendant's agent went on to threaten the Plaintiff that if she failed to make arrangements to pay the account off that he would be prosecuting her to the fullest extent of the law which could also include a warrant for her arrest.

16. During this same call, Plaintiff demanded to speak with a supervisor.

17. Plaintiff was transferred to a "Mr. Mitchell", who refused to believe the vicious treatment of the prior agent and also went on to threaten the Plaintiff with prosecution, if she did not pay off this consumer debt.

18. Plaintiff ended the call.

19. On or about that same day, September 25, 2012, Plaintiff contacted the original creditor, Regional Acceptance, who informed the Plaintiff that her estranged husband, "Bobby Shelton", had entered into a settlement arrangement on this account with them in August, 2012, but that he failed to make any payments after the initial payment.

20. Plaintiff has not received any further calls to date from the Defendant.

21. Plaintiff has never received anything in writing from the Defendant in regards to this matter.

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

23. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24. The Defendant and their agent's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

25. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a consumer debt.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29.     As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

30.     The above paragraphs are hereby incorporated herein by reference.

31.     At all times relevant hereto, Defendant was attempting to collect an alleged consumer debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4): | Non-payment of debt could result in arrest or imprisonment of any person |
| §§ 1692e(5): | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

| | |
|---|---|
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(5): | Caused any charges to be made to the consumer, e.g calls to personal cell phone |
| §§ 1692g: | Failure to send the consumer a 30-day validation letter within five (5) days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT II
### Violations of New York General Business Law §349

33. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

34. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

35. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

36. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a. Actual damages

b. Statutory damages

c. An award of reasonable attorney's fees and expenses and cost of suit; and

d.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT III

### Violations of New York General Business Law §610

37.    Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

38.    Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

39.    GBL §601 provides in relevant part as follows:

(a)    Claim or threaten to enforce a right with knowledge or reason to know that the right does not exist;

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

a.     Actual damages

b.     Statutory damages

c.     An award of reasonable attorney's fees and expenses and cost of suit; and

d.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN LAW GROUP, PC**

Date: **October 15, 2012**

BY: _____
Bruce K. Warren, Esquire

Warren Law Group, PC
58 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)342-9081
Attorney for Plaintiff